# In the United States Court of Federal Claims

No. 17-1542C

(Filed: November 18, 2019)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LOCAL INITIATIVE HEALTH AUTHORITY FOR L.A. COUNTY, d/b/a L.A. CARE HEALTH PLAN, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Patient Protection and Affordable Care Act, §§ 1401, 1402, 1412; Rule 54(b) Partial Judgment; Cost Sharing Reductions; Statutory Interpretation; Plain Meaning; Appropriations; Implied-in-Fact Contract Created by Statute. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Lawrence S. Sher*, with whom was *Conor M. Shaffer*, Reed Smith LLP, Washington, D.C., and Pittsburgh, Pennsylvania, for Plaintiff.

*Albert S. Iarossi*, Trial Attorney, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Claudia Burke*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., and *Christopher J. Carney*, Senior Litigation Counsel, *Eric E. Laufgraben*, Trial Attorney, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

On February 14, 2019, the Court granted partial summary judgment to Local Initiative Health Authority for L.A. County ("L.A. Care"). The Court found that the Government violated the express terms of the Affordable Care Act ("ACA") and breached an implied contract with L.A. Care to make advance cost-sharing reduction ("CSR") payments in 2017 and 2018. Opinion and Order, Dkt. No. 32. In its Opinion and Order, the Court directed the parties to file a joint status report setting out a plan for resolving this action. Id. In the joint status report, L.A. Care indicated that it planned to modify its claim

to include additional damages for 2019.  Dkt. No. 33 at 2.  On March 29, 2019, L.A. Care filed an amended complaint requesting unpaid CSR damages for 2017, 2018, and the first six months of 2019.  Dkt. No. 35.  The present issues concern L.A. Care's motion for partial summary judgment under Rule 54(b) of Rules of the United States Court of Federal Claims ("RCFC").  In its motion for partial summary judgment, L.A. Care alleges that the Government mischaracterizes the 2019 advance CSR payments as "estimates."  Dkt. No. 45 at 4.  L.A. Care argues that the Government must pay the unpaid CSR damages for 2017, 2018, and January through June 2019, because it has established the amount owed for each time period—using the Government's own calculations—to a reasonable certainty.

## Background

This case centers on the ACA's CSR program, which provides a subsidy to eligible exchange plan purchasers for certain healthcare-related expenses.[1]  The CSR program's purpose is to reduce the out-of-pocket expenses paid by individuals with household incomes between 100% and 250% of the poverty line.  See 42 U.S.C. §§ 18022(c)(3), 18071(c)(2); accord 45 C.F.R. §§ 155.305(g), 156.410(a).  Under the ACA's CSR program, insurers with qualified health plans ("QHPs") must reduce eligible individuals' cost-sharing obligations by specified amounts, 42 U.S.C. § 18071(a), and the Government "shall make such advance [CSR] payments [to a QHP] at such time and in such amount as the [Department of Health and Human Services ("HHS")] Secretary specifies . . . ." § 18082(c)(3); see also 78 FR 15409 (HHS's official CSR payment policy requiring the Government to make monthly advance payments and then reconciling those advance payments at the end of the benefit year.).

L.A. Care is a certified QHP and has participated on the California Exchange since January 1, 2014.  L.A. Care, along with all other QHPs, stopped receiving monthly advance CSR payments in October 2017.  See Letter from Jefferson B. Sessions III, U.S. Attorney Gen., to Steven Mnuchin, Sec'y of the Treasury & Don Wright, Acting Sec'y of HHS (Oct. 11, 2017) (prohibiting use of appropriations for CSR payments); Memorandum from Eric Hargan, Acting Sec'y of HHS, to Seema Verma, Administrator of the Ctrs. for Medicare & Medicaid Servs. (Oct. 12, 2017) (stating that "effective immediately" CSR payments must stop "unless and until a valid appropriation exists").

## Procedural History

L.A. Care asserts that the Government owes it $53,061,170.53 in unpaid CSR damages for 2017 through June 2019.  First, L.A. Care argues that it has provided uncontroverted proof of its damages based on the Center for Medicare and Medicaid

---

[1] This Court's February 14, 2019 Opinion and Order provides a more in-depth discussion of the background of this case.  See Dkt. No. 32.

Services' ("CMS") own calculations.  L.A. Care next explains that the Court already determined that the CSR statue and regulations require advance monthly payments, which are not dependent on future reconciliations.  L.A. Care maintains that any future administrative reconciliations leading to adjustments for 2019 do not affect the Government's advance monthly payment obligations as they would be subject to an independent administrative process.

L.A. Care filed its complaint on October 16, 2017 (amended on February 8, 2018), to recover unpaid CSR and risk corridor payments.  On March 5, 2018, the Court stayed only L.A. Care's claims relating to the risk corridors program pending the appeal of other risk corridor cases.  See Land of Lincoln Mutual Health Insurance Co. v. United States, 129 Fed. Cl. 81 (2016), aff'd, 892 F.3d 1184 (Fed. Cir. 2018); Moda Health Plan, Inc. v. United States, 130 Fed. Cl. 426 (2017), rev'd, 892 F.3d 1311 (Fed. Cir. 2018); see also Dkt. No. 32.

On February 14, 2019, the Court held that the Government violated the express terms of the ACA and breached an implied-in-fact contract with L.A. Care to make CSR payments.  Dkt. No. 32.  The Court dismissed L.A. Care's takings claim in Count VII.  Id. The parties submitted a joint status report on March 14, 2019, in which L.A. Care stated that it intended to amend its complaint to include not only damages for 2017 and 2018 but also the first quarter of 2019.  Dkt. No. 33 at 2.  On March 29, 2019, L.A. Care filed a second amended complaint to include additional CSR damages for part of 2019.  Dkt. No. 35.  On August 2, 2019, the parties filed an updated joint status report.  Dkt. No. 36.  In the joint status report, the parties agreed that the Government owes L.A. Care $554,424.78 in unpaid CSR damages for 2017 and $17,244,504.35 for 2018.  Id. at 1–2.  On September 24, 2019, L.A. Care filed a Rule 54(b) motion for entry of judgment.  Dkt. No. 40.  On October 29, 2019, the Government filed its response motion and briefing concluded with Plaintiff's reply on November 5, 2019.  Dkt. No. 44–45.

Discussion

A.  The Parties' Arguments

In opposing L.A. Care's Rule 54(b) motion, the Government concedes that because the reconciliation process for 2017 and 2018 is complete, it "is aware of the value of CSRs it actually provided – and [L.A. Care] would be entitled to as damages . . . . "  Dkt. No. 44 at 11.  The final value of CSRs provided to eligible enrollees in 2019 is not yet known.  Id. at 5, 8–13.  However, the Government argues that L.A. Care structured its claim for 2017 through 2019 as a single claim and therefore can only recover once reconciliation is complete for all benefit years.  Id.  According to the Government, L.A. Care's claim is not ripe because the $53,061,170.53 in claimed damages cannot be "final" as it encompasses the disputed 2019 amounts.  Id.

B. <u>The Government must pay the cost-sharing reduction payments for 2017 and 2018.</u>

A grant of partial summary judgment is not a final judgment unless the Court certifies it under Rule 54(b). See <u>Aleut Tribe v. United States</u>, 702 F.2d 1015, 1020 (Fed. Cir. 1983) (applying Fed. R. Civ. P. 54(b), which mirrors RCFC 54(b)). Rule 54(b) enables the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Courts perform a two-part test to determine whether partial judgment is appropriate under Rule 54(b). First, the Court must ascertain that it is dealing with a "final judgment." <u>Curtis-Wright Corp. v. General Electric Co.</u>, 44 U.S. 1, 7 (1980). The Federal Circuit has defined a final judgment as one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." <u>W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.</u>, 975 F.2d 858, 863 (Fed. Cir. 1992).

Second, the Court needs to make an "express determination that there is no just reason for delay." <u>Intergraph Corp. v. Intel Corp.</u>, 253 F.3d 695, 699 (Fed. Cir. 2001). A district court has substantial discretion in making this determination. See <u>id.</u> "Even for claims that arise out of the same transaction or occurrence, sound case management may warrant entry of partial judgment." <u>Id.</u>; see also <u>Stockton Eastern Water District v. United States</u>, 120 Fed. Cl. 80, 82–83 (2015). However, Rule 54(b) partial judgment is not appropriate for intertwined claims such that the court may face the same issue in a subsequent appeal. See <u>Vt. Yankee Nuclear Power Corp. v. United States</u>, 346 F. App'x 589, 591 (Fed. Cir. 2009); <u>Bos. Edison Co. v. United States</u>, 299 F. App'x 956, 958 (Fed. Cir. 2008).

1. <u>The judgment is final.</u>

The Government does not dispute the 2017 and 2018 damages amount. See Dkt. No. 44 at 8. Under Rule 54(b), uncontested damages are "final" so long as any disputed damages "will not impact the government's obligation to pay at least that amount." <u>Entergy Nuclear Palisades, LLC v. United States</u>, 122 Fed. Cl. 225, 228 (2015) (resolving the uncontested portion of the plaintiff's damages even when other categories of damages were still in dispute); see also <u>Yankee Atomic Power Co. v. United States</u>, 142 Fed. Cl. 87, 90 (2019); <u>Stockton E. Water Dist.</u>, 120 Fed. Cl. at 82–83; <u>American Sav. Bank, F.A. v. United States</u>, 83 Fed. Cl. 555, 558–59 (2008).

In <u>Connecticut Yankee Atomic Power Company</u>, 142 Fed. Cl. 87 (2019), this Court rejected the Government's "one claim for breach of contract" argument and entered Rule 54(b) judgment for the uncontested portion of the plaintiff's claim. <u>Id.</u> at 90. The Court noted that "[t]he government's argument makes little sense here where there will be continuing litigation for years on the same 'claim' for a continuing breach of the Standard Contract." <u>Id.</u>

4

Here, the parties disagree only over the 2019 damages. Nevertheless, the Government attempts to avoid its obligation to pay the 2017 and 2018 CSR damages by portraying L.A. Care's complaint as "one" claim. Dkt. No. 44 at 9–10. The Government argues that the Court cannot grant partial judgment until L.A. Care's single claim is fully litigated. Id. As support for its position, the Government cites Georgia Power Co. & Alabama Power Co. v. United States, 143 Fed. Cl. 750 (2019), a spent nuclear fuel case. See Dkt. No. 44 at 16. In Georgia Power, the court found the breach of contract claims "too intertwined" to resolve separately, noting that "[t]he Federal Circuit has reversed entry of partial judgment . . . in the spent nuclear fuel context on at least two occasions." 143 Fed. Cl. at 756 (internal citation and quotations omitted). Notably, the defendant in that case argued entry of a partial judgment could compromise its right to assert future offsets. See id. The Government here has made no such argument.

Throughout its brief, the Government argues that L.A. Care has not advanced segregable amounts of damages. Using the Government's words, the CSR amounts are final "once the benefit year is over and those CSRs are reconciled." Dkt. No. 44 at 15. The Government agrees that the outcome of the 2019 reconciliation process will not affect the undisputed CSR damages for 2017 and 2018 and states that it "would not oppose" the Court entering final judgment if L.A. Care narrowed its request to 2017 through 2018. Dkt. No. 44 at 15, 17–18.

The Court previously ruled that the Government has a statutory obligation to make "full advanced [monthly] CSR payments." Opinion and Order, Dkt. No. 32 at 9; see also Mont. Health Co-Op v. United States, 139 Fed. Cl. 213, 218–21 (2018). Thus, each month that the Government failed to make the CSR payments constituted a separate breach imposing distinctive injury. These amounts became final once HHS completed its reconciliation process for that benefit period. As a result, the Court rejects the Government's argument that L.A. Care has a single claim which is dependent on a final ruling for the contested damages.

   2.   There is no just reason for delay of an entry of final judgment for the uncontested damages.

The Government has completed the reconciliation process and stipulated to a specific dollar amount for 2017 and 2018. See Dkt. No. 44 at 8, 17. Yet, L.A. Care still cannot accrue any interest. The Court is unable to ignore the injustice of denying L.A. Care access to post-judgment interest for the over $17 million in damages that the Government agrees it must pay. See Conn. Yankee, 142 Fed. Cl. at 91; Entergy Nuclear Palisades, 122 Fed. Cl. at 230.

The Government, hung up on its single claim argument, states that the burden is on L.A. Care to "resolve the problem that L.A. Care itself [not the Government who failed to

make CSR payments] has created" by including the 2019 damages. Dkt. No. 44 at 17–18. The Court finds this argument unpersuasive. Based on the Government's interpretation, L.A. Care and other QHPs should perpetually provide interest-free loans without any recourse. See Entergy Nuclear Palisades, 122 Fed. Cl. at 228 (holding the government's characterization of uncontested and contested damages as one claim was "overly restrictive, elevating form over substance, and does not comport with case law addressing similar situations").

The Government fails to provide any convincing justification for continuing to deny L.A. Care interest on the over $17 million in damages which it unquestionably owes. In light of the magnitude of the undisputed amount, the Court cannot find any just reason for allowing the Government to continue to evade its obligation to pay the uncontested damages.

### C. Damages for 2019 are not final.

The Government does not dispute that CSR damages are final once HHS completes its reconciliation. Dkt. No. 44 at 4–5. Rather, its issue is with L.A. Care's "widely inflated" 2019 damages claim. Id. at 5. The Government refuses to "stipulate to damages for 2019 because . . . the amounts sought are based upon estimates that in past years have been between 170% and 246% higher than what L.A. Care was actually owed." Id.

HHS determines the actual CSR amounts owed to a QHP at the end of each benefit year. 78 FR 15409, 15486 (Mar. 11, 2013). As the Government points out, the remaining half of 2019 could affect the CSR amounts owed to L.A. Care for 2019. See Houston Indus. Inc. v. United States, 78 F.3d 564 (Fed. Cir. 1996) (finding Rule 54(b) is not appropriate where issues affecting liability for a particular period are unresolved). Accordingly, the claim for 2019 damages is not final until all issues pertaining to the benefit year are known. The Court therefore denies L.A. Care's request pertaining to the 2019 CSR damages.

### Conclusion

For the reasons stated above, the Court GRANTS IN PART L.A. Care's motion for a Rule 54(b) judgment, as to the undisputed claims. The Clerk is directed to enter judgment in the amount of $17,798,929.13 pursuant to Rule 54(b), there being no just reason for delay.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge